656 F.2d 372
 Fred NEVELS, III, Appellee,
v.
John R. HANLON, Commissioner of Labor for the Department of
Labor, State of Nebraska, Appellant.
Helen Lassek; Robert Shust; Patrick M. McHale, members of
the Nebraska Merit System Board.
Fred NEVELS, III, Appellant,
v.
John R. HANLON, Commissioner of Labor for the Department of
Labor, State of Nebraska, Appellee.
Helen Lassek; Robert Shust; Patrick M. McHale, members of
the Nebraska Merit System Board.
 Nos. 80-2122, 80-2182.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1981.
Decided Aug. 19, 1981.
 
 Noren & Burns, Steven D. Burns, argued, Lincoln, Neb., for appellee.
 Paul L. Douglas, Atty. Gen., Jerold V. Fennell, Asst. Atty. Gen., argued, Lincoln, Neb., for appellant.
 Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and LARSON,* Senior District Judge.
 LAY, Chief Judge.
 
 
 1
 Fred Nevels, III was employed by the Department of Labor of the State of Nebraska between October 1, 1971, and November 19, 1975, and served as a manpower specialist from February 3, 1975, until November 19, 1975. On the later date Thomas E. Erixson, Deputy Commissioner of Labor, terminated him on the following specific grounds: (1) inefficiency, incompetence and negligence in performing his duties; (2) failure or refusal to comply with reasonable and proper assignments; (3) unauthorized or improper use of leave time, abuse of meal and rest periods, and repeated tardiness and absences from work without leave, including unauthorized departure from the work area; and (4) inability to maintain satisfactory and harmonious working relations with other employees.
 
 
 2
 Nevels appealed his termination to the Appeal Board of the Nebraska Joint Merit System Council. On April 28, 1976, after a hearing, the Appeal Board found that there was some evidence that Nevels had exhibited the alleged behavior. The Appeal Board, however, believed that the evidence did not justify Nevels' dismissal and recommended that he be reinstated subject to disciplinary action. On September 15, 1977, following a review of the transcript of the hearing before the Appeal Board and Nevels' deposition taken shortly after the hearing, and ex parte communications with Nevels' supervisor, the Commissioner of Labor, Gerald A. Chizek,[1] rejected the Appeal Board's recommendation and finalized Nevels' dismissal.[2]
 
 
 3
 Nevels appealed the Commissioner's decision to the District Court of Lancaster County, Nebraska. The state court upheld Nevels' dismissal, finding that the Commissioner's decision was supported by substantial evidence in the record. The state court also held that the decision was not arbitrary or capricious and, upon de novo review of the record, found Nevels' termination to have been for good cause.
 
 
 4
 On appeal to the Nebraska Supreme Court, Nevels argued that he had a property interest in continued employment and that he was terminated without procedural due process or a showing of just cause. The supreme court refused to decide the issue of whether Nevels had a property interest in his continued employment because the claim was based upon rules and regulations of the Nebraska Joint Merit System which were not in evidence. The court said, however, that even if Nevels had a property interest in continued employment, the evidence showed that he had been terminated for just cause. Nevels v. State, 205 Neb. 642, 646, 289 N.W.2d 511, 513 (1980).
 
 
 5
 On July 1, 1977, prior to the Commissioner of Labor's final decision, Nevels filed this action in the district court under 42 U.S.C. §§ 1982, 1983, 1985 and 1988, against Chizek, the then Commissioner of Labor.[3]
 
 
 6
 Following trial, the district court deferred ruling until after the decision of the Nebraska Supreme Court, on the ground that it appeared that that decision would resolve the question of whether Nevels had a property interest in continued employment. After the Nebraska Supreme Court's decision, the district court, Hon. Warren K. Urbom presiding, held that Nevels was a permanent employee who could be discharged only for just cause. The court also held that the Department of Labor regulations gave him a reasonable expectation of continued employment and, therefore, a property interest which could be denied only after due process protections.[4] The court found that Nevels' termination was for just cause but held that he was denied his due process rights because the Commissioner of Labor, in making the final decision, relied upon evidence that was not presented during Nevels' termination hearing. The court held the Commissioner of Labor liable in his official capacity,[5] and ordered the Commissioner of Labor to: (1) reinstate Nevels; or (2) make a new decision based solely on the evidence presented to the Appeal Board; or (3) make a new decision based on all evidence relied upon by Commissioner Chizek but only after Nevels is fully informed of all additional evidence and given an opportunity to respond to it. The district court also awarded Nevels "whatever monetary benefits would have accrued to him had he not been terminated, less whatever benefits accrued to him from employment taken after his termination". These are payable by the state. (Emphasis added.) The district court also awarded $10,916.75 in attorney's fees. The total judgment against the Commissioner was for $59,099.21. The district court ordered that Nevels be placed on the state payroll.
 
 
 7
 The Commissioner of Labor appeals this judgment alleging: (1) that Nevels was precluded on res judicata grounds from relitigating his claimed property interest in continued employment; (2) that the district court used the wrong standard of review in judging the fairness of Nevels' termination hearing; and (3) that the back pay remedy awarded by the court violates the eleventh amendment. Nevels cross-appeals alleging that the district court erred in finding the Commissioner of Labor constitutionally capable of rendering an objective judgment concerning his discharge.
 
 
 8
 Res Judicata.
 
 
 9
 Res judicata is a defense which must be affirmatively set forth in the pleadings, Fed.R.Civ.P. 8(c), or raised at trial. See Johnson v. Rogers, 621 F.2d 300, 305 (8th Cir. 1980); Sartin v. Commissioner of Pub. Safety, 535 F.2d 430, 433 (8th Cir. 1976). The Commissioner argues that he raised this affirmative defense in his motion to dismiss. Fed.R.Civ.P. 12(b)(6). In that motion, the Commissioner moved for dismissal on the grounds that Nevels "failed to exhaust state administrative remedies." This motion clearly did not raise res judicata as an affirmative defense. Failing to adequately raise the issue in his pleadings or at trial, the Commissioner waived any res judicata defense he may have had as a result of the Nebraska Supreme Court's decision denying relief to Nevels.
 
 
 10
 Due Process.
 
 
 11
 The Commissioner also asserts that his ex parte communication with Nevels' supervisor did not deny Nevels due process of law because the evidence presented at the hearing, by itself, justified his dismissal. The irony in this claim is that the Appeal Board on this same evidence recommended otherwise. It is fundamental to a full and fair review required by the due process clause that a litigant have an opportunity to be confronted with all adverse evidence and to have the right to cross-examine available witnesses. See Greene v. McElroy, 360 U.S. 474, 496-97, 79 S.Ct. 1400, 1413-14, 3 L.Ed.2d 1377 (1959). Where a party is precluded from exercising this fundamental right, the review procedure is constitutionally defective, Morgan v. United States, 304 U.S. 1, 22, 58 S.Ct. 773, 778, 82 L.Ed. 1129 (1938), and cannot be excused as harmless error. In re George W. Myers Co., 412 F.2d 785, 786 (3d Cir. 1969); Republic Nat'l Bank v. Crippen, 224 F.2d 565, 566 (5th Cir. 1955). But see Codd v. Velger, 429 U.S. 624, 627-29, 97 S.Ct. 882, 884-885, 51 L.Ed.2d 92 (1977); Bishop v. Wood, 426 U.S. 341, 349, 96 S.Ct. 2074, 2079-80, 48 L.Ed.2d 684 (1976).
 
 
 12
 The Commissioner concedes that after Nevels' hearing before the Appeal Board he had ex parte communications with Nevels' supervisor concerning Nevels' attitude and performance. These communications included reference to specific confrontations that allegedly took place between Nevels and other employees. These ex parte communications concerning testimony directly related to the stated reasons for his dismissal denied Nevels his right to be confronted with all adverse evidence and to cross-examine witnesses. Therefore, we affirm the judgment of the district court on the merits as to the denial of due process.
 
 
 13
 Cross-Appeal.
 
 
 14
 In his cross-appeal, Nevels alleges that the district court erred in holding that he was not denied his due process right to have his case heard by an impartial decisionmaker. The crux of Nevels' claim is that, because the Merit System Rules require the Commissioner to make the initial determination to dismiss an employee and then to make the final decision of any appeal, the Commissioner is predisposed to uphold his original decision and is, therefore, not an impartial decisionmaker. See In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed.2d 942 (1955). In Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), a doctor challenged the impartiality of the state medical examining board, which was to make the final determination of whether to warn and reprimand, to suspend or revoke his license to practice medicine, or to institute criminal action, on the grounds that the board also instituted the action and investigated the charges. The Court held that the due process clause did not prevent the board from deciding the issue of revoking the plaintiff's license. It said:
 
 
 15
 The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication ... must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.
 
 
 16
 421 U.S. at 47, 95 S.Ct. at 1464.
 
 
 17
 Although the Commissioner is technically the party who initiated Nevels' discharge, in actuality, it was initiated by Nevels' immediate supervisor. Having the Commissioner review the actions of his subordinate runs a far less "risk of actual bias or prejudgment" than the practice in Withrow which was held to be valid. We, therefore, agree with the district court's rejection of Nevels' claim that the Commissioner was "constitutionally incapable of rendering an objective judgment." See also Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 492-94, 96 S.Ct. 2308, 2314-15, 49 L.Ed.2d 1 (1976); Norbeck v. Davenport Community School Dist., 545 F.2d 63, 68-69 (8th Cir. 1976), cert. denied, 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); Klinge v. Lutheran Charities Ass'n, 523 F.2d 56, 63 (8th Cir. 1975).
 
 
 18
 The Remedy.
 
 
 19
 The district court awarded Nevels $47,824.46 as "restitution" for back pay, past vacation benefits, past health insurance premiums, and past life insurance premiums.[6] The court said this award "is considered an equitable remedy, representing restitution, rather than damages, and is a liability of the Commissioner of Labor in his official capacity, payable by the state" (emphasis added). In doing so, the district court was clearly wrong; it is well settled that any money judgment against the Commissioner in his official capacity "payable by the state" is barred by the eleventh amendment. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974); Jackson Sawmill Co. v. United States, 580 F.2d 302, 309 (8th Cir. 1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979); Downing v. Williams, 624 F.2d 612, 625-26 (5th Cir. 1980), vacated on other grounds, 645 F.2d 1226 (5th Cir. 1981); Arthur v. Nyquist, 573 F.2d 134, 138-39 (2d Cir.), cert. denied sub nom. Manch v. Arthur, 439 U.S. 860, 99 S.Ct. 179, 58 L.Ed.2d 169 (1978). See also Taylor v. Jones, 653 F.2d 1193 (8th Cir. 1981).
 
 
 20
 In Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the district court awarded compensation to welfare applicants as "equitable restitution" for slow processing of their applications that occurred prior to the district court's order enjoining the practice. The Supreme Court said that the practical effect of this award was indistinguishable from a retroactive, monetary award payable out of the state treasury, and, therefore, the Court held that it violated the eleventh amendment. The Court said the award "is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials." Id. at 668, 94 S.Ct. at 1358.
 
 
 21
 The "equitable restitution" awarded Nevels by the district court is of the same nature as that awarded in Edelman. The district court characterized the award as "benefits lost by Nevels because of the failure of the Commissioner of Labor to provide due process in Nevels' employment termination." The district court determined the size of the award by computing the salary, vacation pay, and health and life insurance premiums that Nevels would have been paid had he not been dismissed. The district court also specifically ordered that the judgment be entered against Hanlon in his official capacity[7] and that the award is "payable by the state." The money judgment by the district court is not prospective relief allowed by Edelman. Although the district court labeled the award "equitable restitution," it is clearly a monetary award for past violations of Nevels' rights, payable out of the state treasury, and, therefore, is barred by the eleventh amendment. We, therefore, vacate the judgment of the district court.
 
 
 22
 In view of the remand we modify the other required relief set forth by the district court.
 
 
 23
 The plaintiff is entitled to prospective relief from the date of the district court judgment. Thus plaintiff is entitled to payment of his salary and benefits due from that date (November 21, 1980) until such time that a new decision is made by the Commissioner of Labor based upon the record previously made before the Appeal Board.[8] In the event that the Commissioner finds that the Appeal Board ruling should be overturned and that plaintiff should be terminated for good cause, the Commissioner should report to the district court and the money award will be cut off as of that date. In the event that the Commissioner finds that the plaintiff should be reinstated, the Commissioner should make an offer of reinstatement to the plaintiff; the plaintiff must either accept or reject such offer within ten days thereafter. If plaintiff rejects the offer, plaintiff's prospective relief will end on the date the offer was made. In either case plaintiff shall be required to mitigate his award by deducting any salaries or other monies in the form of benefits otherwise earned by him from November 21, 1980, to the date that his award is cut off or he is otherwise reinstated. On this basis the court should enter judgment for the plaintiff, including his costs and attorney fees.
 
 
 24
 The judgment of the district court is affirmed in part and reversed in part; the cause is remanded for further proceedings in accord with this opinion.
 
 
 
 *
 Earl R. Larson, Senior District Judge, District of Minnesota, sitting by designation
 
 
 [1]
 Chizek was subsequently succeeded by John R. Hanlon as Commissioner of Labor for the State of Nebraska; Hanlon was substituted as a defendant by the trial court
 
 
 [2]
 Pursuant to the rules and regulations of the Joint Merit System Board, the Commissioner of Labor is charged with making the final administrative decision after consideration of the Appeal Board's recommendation. Nebraska Joint Merit System, Rules and Regulations, Rule 13(4) (Aug. 29, 1975)
 
 
 [3]
 Nevels also sued the Nebraska Department of Labor, the Nebraska Merit System Board, the State of Nebraska and three members of the Merit System Appeal Board. The federal district court dismissed the Department of Labor, Merit System Board and the State of Nebraska on grounds that they are not "persons" as that term is used in the statutes under which this action is brought. Judgment was granted in favor of the individual members of the Merit System Appeal Board on the grounds that there was no evidence to show that their actions resulted in any deprivation of Nevels' constitutional rights. In this appeal Nevels does not challenge these dismissals
 
 
 [4]
 The Commissioner does not challenge, in this appeal, the district court's determination that Nevels had a property interest in continued employment. The Commissioner does challenge the determination of the issue on res judicata grounds, however
 
 
 [5]
 Nevels does not challenge the district court's finding that the Commissioner acted in good faith at all times. Of course, without a finding of bad faith in an action under section 1983, there can be no personal liability assessed against Chizek. See Scheuer v. Rhodes, 416 U.S. 232, 242-48, 94 S.Ct. 1683, 1689-92, 40 L.Ed.2d 90 (1973)
 
 
 [6]
 The district court also awarded $11,274.75 for court costs and attorney's fees under 42 U.S.C. § 1988. The validity of this award under the eleventh amendment is not challenged in this appeal. See Hutto v. Finney, 437 U.S. 678, 689-93, 98 S.Ct. 2565, 2572-75, 57 L.Ed.2d 522 (1978)
 
 
 [7]
 See Arthur v. Nyquist, 573 F.2d 134 (2d Cir. 1978), where the court states:
 Just as any complex entity can be viewed either from the aspect of its entirety or from the aspect of its component parts, the same is true of government boards and agencies. To speak, then, of board members in their official, or corporate, capacity is to speak more of placeholders or ciphers than of living persons. And to impute liability to such a board member is not to impugn any particular office holder, but rather ... the office itself.
 573 F.2d at 139.
 
 
 [8]
 The district court ruled that a new hearing could be held at the option of the Commissioner where additional evidence could be adduced. We disagree. The denial of due process was at the review level; there is no basis to rehear the entire proceeding