625 F.Supp. 81 (1985)
Shirley BARNES, et al., Plaintiffs,
v.
Freeman (Teek) BOSLEY, Jr., et al., Defendants.
No. 83-53 C (2).
United States District Court, E.D. Missouri, E.D.
August 28, 1985.
On Motion for Enforcement December 17, 1985.
*82 *83 Charles R. Oldham, Thomas Bauer, St. Louis, Mo., for plaintiffs.
Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on plaintiffs' motions to determine the amount of back pay and benefits and enforcement of judgment. Defendants, through the Attorney General of the State of Missouri, have filed suggestions in opposition which the Court will treat as a Rule 60(b) motion.

FACTS
Thomas, McElroy and Barnes were discharged from their positions as deputy circuit clerks by the Clerk of the St. Louis Circuit Court, Freeman Bosley, Jr. On July 27, 1983, this Court held that the discharges violated the constitutional rights of McElroy and Barnes but not the constitutional rights of Thomas. This Court ordered the defendants, in their official capacity, to reinstate the plaintiffs with back pay and benefits from January 3, 1983. On November 29, 1983, this Court stayed its order of reinstatement and back pay pending appeal. The Court of Appeals affirmed the judgments in favor of McElroy and Barnes and reversed the judgment against Thomas. This Court entered a judgment, June 10, 1985, in favor of Thomas and ordered him reinstated with back pay and benefits from January 3, 1983. McElroy and Thomas have resolved their disputes with the defendants, and their motions are therefore moot. Plaintiff filed the motions before the Court on July 3, 1985. The State Attorney General entered his appearance and filed suggestions in opposition to plaintiff's motions on behalf of defendants and thereby became involved in the litigation for the first time on July 19, 1985. The Attorney General had only learned of the potential award against the State on June 18, 1985 (affidavit of Robert Presson).
Plaintiff's motion to determine amount of back pay and benefits claims an amount due of $73,846.97 for Barnes. Plaintiff's motion for enforcement of judgment seeks an order holding defendants in contempt, confinement of Bosley until he complies with the Court's order, appointment of an appropriate person to act as Circuit Clerk for the purpose of reinstating plaintiff, awarding back pay, benefits and interest, an award of costs and attorney's fees and other appropriate relief.
Defendants' suggestions in opposition to plaintiff's motions argue that since plaintiff's identical position no longer exists, defendants have complied by reinstating to a similar or comparable position. Defendants feel that the amount claimed by Barnes is too high because employee contributions should be paid to the Social Security Administration rather than Barnes, state and federal tax withholdings should be paid to the respective governments, plaintiff is not entitled to medical insurance payments since these would have never gone to plaintiff directly, the eleventh amendment bars any back pay prior to the Court's order on July 27, 1983, and interim earnings should be deducted from any award.
Plaintiff's reply to defendants' suggestions argue that defendants' suggestions should be treated as a motion under Fed.R. Civ.P. 59(e) and must be made within ten days after entry of judgment, the Court is bound by the Court of Appeals' affirmance *84 of our remedy, there is no setoff of interim wages since the plaintiff is a public employee and, therefore, falls within an exception to the general rule of mitigation, the eleventh amendment does not bar a remedy which is prospective in relation to the filing of the suit, and any retrospective amount is awardable against Bosley in his capacity as an officer of St. Louis City.
Defendants' response states that their suggestions in opposition should be treated as a Rule 60(b) motion and therefore not untimely and expands their constitutional argument by asserting that failure to deduct interim earnings violates the eleventh amendment.

REINSTATEMENT
It is the law in this circuit that an employer may comply with an order to reinstate a wrongfully discharged employee whose position at time of discharge is currently unavailable by placing the employee in a comparable or similar position. Brockell v. Norton, 732 F.2d 664, 669 (8th Cir.1984) (reinstatement under 42 U.S.C. § 1983); Kennedy v. Robb, 547 F.2d 408, 415 (8th Cir.1976) (same). The Court cannot determine if defendants have complied based on the record. Therefore, an evidentiary hearing on the matter is appropriate.

MITIGATION OF DAMAGES AND MEDICAL INSURANCE PAYMENTS
Defendants claim that their attempt to reduce back pay based on plaintiff's interim earnings after failure to make this argument at trial or on appeal should be allowed as a motion under Fed.R.Civ.P. 60(b)(1) for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Such a motion, however, is untimely. "This circuit has not allowed relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence. [Citation omitted] ... To prevent its use as a substitute for appeal, we have required a Rule 60(b) motion alleging judicial inadvertence to be made within the time period allowed for appeal." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir.1980). See also CRI, Inc. v. Watson, 608 F.2d 1137, 1141 (8th Cir.1979) (60(b) motion to correct failure to include prejudgment interest must be made within time for appeal); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2858 (1973).
The Court's original order was entered July 27, 1983. The second order was entered June 10, 1985. Defendants' suggestions in opposition were filed July 19, 1985, and thus were not within the thirty days for filing notice of appeal. Fed.R. App.P. 4(a). Therefore, defendants' arguments with regard to mitigation of damages and medical insurance payments are not properly before the Court. Defendants cannot evade this rule by arguing that the Attorney General did not have notice of this litigation since the State has authorized the Circuit Clerk of St. Louis to retain an attorney to represent the Clerk in court. Mo.Rev.Stat. § 483.260 (Supp.1984).

ELEVENTH AMENDMENT
Defendants' eleventh amendment claims may be made under Rule 60(b)(4) which provides for relief from a void judgment. A judgment in violation of the eleventh amendment is void and can be challenged at any time. Ex parte Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216 (1887). See also Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 467, 65 S.Ct. 347, 352, 89 L.Ed. 389 (1944) (eleventh amendment may be raised for first time in Supreme Court); Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir.1974) (judgment in excess of eleventh amendment vacated under Rule 60(b); New York State Health Facilities Association, Inc. v. Carey, 76 F.R.D. 128, 132-33 (S.D.N.Y.1977) (default judgment alleged to be in violation of eleventh amendment may be attacked for first time in Rule 60(b) motion); but see Vecchione v. Wohlegemuth, 558 F.2d 150, 159 (3d Cir.1977) (judgment in violation of eleventh amendment not void). The Court of Appeals did not rule on these issues since they were not raised on appeal.
*85 For the eleventh amendment to act as a bar, the suit must be against a state. Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1973); Miener v. State of Missouri, 673 F.2d 969, 980 (8th Cir.1982). The key in determining whether the suit is against the State is who will pay the judgment. Where the judgment will be paid by the State the eleventh amendment applies. Edelman 415 U.S. at 663, 94 S.Ct. at 1355; Miener at 981. So, a suit against State officers in their official capacities seeking amounts which will be paid by the State is a suit against the State for purposes of the eleventh amendment. Id.
The instant judgment is clearly against the State of Missouri since Barnes is a State employee under Mo.Rev.Stat. § 483.245, (Supp.1984). Any award relating to Barnes' compensation is payable from the State treasury under that statute. Further, when the defendants discharged Barnes they discharged a State employee. Defendants' acts, then, are the responsibility of the State and were done in defendants' capacities and by virtue of their authority as State officers in the Circuit Clerk's office, the records administrator and clerical staff of the State judiciary, see Mo.Rev.Stat. §§ 483.240 and 483.241 (1978), and not as City officials.[1]
A suit against a state officer in his official capacity may be maintained where the relief is prospective. Edelman, 415 U.S. at 664, 94 S.Ct. at 1356; Miener at 982. The language of Edelman shows that the date of the Court's order is the boundary between permitted prospective relief and prohibited retrospective relief. In defining the type of relief allowed by the eleventh amendment, the Court discussed cases involving "compliance with decrees which by their terms were prospective," shaping of "official conduct to the mandate of the Court's decrees," and "compliance in the future with a substantive federal question determination." Edelman, 415 U.S. at 668, 94 S.Ct. at 1358. The Court in Fitzpatrick v. Bitzer, 427 U.S. 445, 451, 96 S.Ct. 2666, 2669, 49 L.Ed.2d 614 (1975), reinforces this definition of prospective relief in its restatement of the Edelman holding. "In Edelman this Court held that monetary relief awarded by the District Court to welfare plaintiffs, by reason of wrongful denial of benefits which had occurred previous to the entry of the District Court's determination of their wrongfulness, violated the Eleventh Amendment." (Emphasis added.) The cases discussing the issue state that relief that is prospective with regard to a judicial imposition of a duty is permitted under the eleventh amendment. See Buckhanon v. Percy, 708 F.2d 1209, 1216 (7th Cir.1983) (payment of state benefits prior to court's order retroactive); Nevels v. Hanlon, 656 F.2d 372, 377 (8th Cir.1981) (pay and benefits from date of order allowed); Kimble v. Solomon, 599 F.2d 599, 605 (4th Cir.1979) (state required to pay benefits after court's decree entered on remand); Townsend v. Edelman, 518 F.2d 116, 120 (7th Cir.1975) (payments prior to entry of injunctive relief barred); Vargas v. Trainor, 508 F.2d 485, 491 (7th Cir.1974) (court order divides past from present).
This Court ordered reinstatement of Barnes on July 27, 1983. The Barnes order was stayed on November 29, 1983, pending appeal. During the time from the stay until the entry of the new order, the State was not under a judicially imposed duty to reinstate Barnes. Therefore, any attempt to fix liability for that period at a later date is retrospective relief barred by the eleventh amendment. See Nevels v. Hanlon, 656 F.2d at 377 (back pay prior to court order retrospective). The State had immunity as to Barnes prior to July 27, 1983, and during the period after the entry of the stay on November 29, 1983, until the entry of the new order on June 10, 1985, *86 when a duty to reinstate was reimposed by this Court. Nevels at 377.
There are exceptions to the application of the eleventh amendment. For example, some legislation is not subject to the eleventh amendment. This is not the case for suits under 42 U.S.C. § 1983, however. Quern v. Jordan, 440 U.S. 332, 341-42, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1978). A state can also waive the eleventh amendment by representing to the court that it will pay awards ordinarily barred by the eleventh amendment. In Toll v. Moreno, 458 U.S. 1, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1981) a university, in order to convince the trial court to stay its order, stated that it would make appropriate refunds of tuition if it lost on appeal. These refunds ordinarily would have been barred by the eleventh amendment. The Supreme Court held that this representation was a waiver of the eleventh amendment. Id. at 18. See also Vargas v. Trainor, 508 F.2d 485, 492 (7th Cir.1974).
The defendants in this case have made such a waiver in their reply to plaintiff's memorandum in opposition to defendants' motion to stay judgment pending appeal.
Plaintiffs, ... incorrectly and with exaggeration seek to describe the harm that would result to them if the stay of judgment is granted.... With respect to plaintiffs' income and benefits, as shown by plaintiffs' complaint, their alleged injury can be calculated and compensated by money damages if they were successful on a case on the merits. It is obvious that the amount which may be due plaintiffs for loss of income and benefits can be calculated and paid.
Defendants' reply at 5.
By this representation, the defendants waived the eleventh amendment protection they had as to Barnes because of the stay. The result is that defendants are liable to Barnes for reinstatement and benefits from the date of this Court's original order, July 27, 1983. The Court finds that this representation was not a waiver of the eleventh amendment for compensation prior to the July 27, 1983, order since the State was not necessarily considering that period of time when it made its representation seeking stay of the judgment.
Further, the Court finds that the failure to assert the eleventh amendment during trial and on appeal does not constitute a waiver under the standard set out in Atascadero State Hospital v. Scanlon, ___ U.S. ___, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). The Supreme Court stated "[w]e require an unequivocal indication that the State intends to consent to federal jurisdiction that would otherwise be barred by the Eleventh Amendment." Id., 105 S.Ct. at 3145, n. 1. The State's neglect in asserting the eleventh amendment does not constitute an "unequivocal indication" of its consent to suit.
Defendants also claim that the eleventh amendment requires that any prospective relief be reduced by interim earnings. First, defendants argue that failure to mitigate damages will result in a windfall, the type of award barred by the eleventh amendment. Second, defendants claim that allowing plaintiff to assert the public officer exception to the rule of mitigation constitutes the enforcement of a state law claim against a state official in conflict with the Supreme Court's holding in Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).
As to the first argument, the relief allowed by this order is prospective and therefore satisfies the test for constitutionality under the eleventh amendment. As to the second, the Court is not enforcing the public official exception but is refusing to alter the prior order because defendants failed to come within Rule 60(b)(1).

CONCLUSION
Plaintiff Barnes is entitled to compensation for wages, without deduction for interim earnings, from defendants in their capacities as State officers from July 27, 1983, to June 30, 1984, at a rate of *87 $1,958.75 per month and from July 1, 1984, at a rate of $2,091.87 per month. Barnes is also entitled to medical insurance payments from July 27, 1983, at a rate of $65.40 per month.
Deduction of appropriate federal and state income taxes is within the contemplation of this Court's previous orders. See Blair v. Western Electric, 731 F.2d 1473, 1480 n. 2 (10th Cir.1984); United States v. Lee Way Motor Freight, Inc., 15 F.E.P. 1385, 1389 (W.D.Okla.1977), rev'd on other grounds, 625 F.2d 918 (10th Cir. 1979). Interest at the lawful rate shall be paid on an amount equal to the gross amount of wages and medical insurance payments less amounts deducted for federal and state income taxes and social security taxes.
Accordingly,
IT IS HEREBY ORDERED that this Court's judgments in this case dated July 27, 1983, and June 10, 1985, are null and void to the extent they purport to grant relief for wages and benefits for plaintiff Barnes before July 27, 1983.
IT IS FURTHER ORDERED that defendants, in their capacities as State officers pay to Barnes wages, benefits and interest less deductions for federal and state income taxes and social security taxes as set out above.
IT IS FURTHER ORDERED that a hearing is set for September 5, 1985, at 9:30 a.m., for the parties to present evidence on the issue of defendants' compliance with this Court's order to reinstate plaintiff.
IT IS FURTHER ORDERED that plaintiff's motions in all other respects be and are DENIED.
IT IS FURTHER ORDERED that the motions of plaintiffs McElroy and Thomas be and are DENIED as moot.

ON MOTION FOR ENFORCEMENT
This matter is before the Court on the motion of plaintiff Barnes for enforcement of this Court's order of reinstatement and defendants' motion to alter or amend. This Court has previously determined that an evidentiary hearing on the issue of defendants' compliance with the order of reinstatement is necessary. As to defendants' motion, after consideration of the matter, the Court is of the opinion that its previous decision is correct.
Accordingly,
IT IS HEREBY ORDERED that a hearing is set at 9:30 a.m. on January 3, 1986, for the parties to present evidence on the issue of defendants' compliance with this Court's order to reinstate plaintiff.
IT IS FURTHER ORDERED that defendants' motion to alter or amend be and is DENIED.
NOTES
[1] The Court holds that defendants were acting as State officials and not City Officials despite Mo.Rev.Stat. § 483.083 (Supp.1984). The Court believes that the exclusion of the Circuit Clerks for St. Louis, St. Louis County and Jackson County from classification as State employees is of significance for purposes of State employee benefit programs.