Shirley **BARNES**, Frances J. **McElroy** and Murrell Thomas, Appellees,

v.

Freeman (Teek) **BOSLEY** and Paul Carter, Appellants.

No. 86–1007.

United States Court of Appeals, Eighth Circuit.

Submitted March 4, 1985.

Decided May 14, 1986.

Thomas E. Bauer, St. Louis, Mo., for appellants.

Robert L. Presson, Jefferson City, Mo., for appellees.

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

Plaintiffs Shirley Barnes, Frances McElroy, and Murrell Thomas, former employees of the St. Louis City Circuit Court, filed a civil rights complaint against the circuit clerk alleging that their discharges were unconstitutionally based on their political affiliation. The District Court entered judgment for Barnes and McElroy and ordered that they be reinstated with backpay. The court awarded judgment for defendants and against Thomas on all of his claims. On appeal, this Court reversed the judgment against Thomas and affirmed as to the others. On remand, the District Court, 625 F.Supp. 81, entered judgment for all three plaintiffs and ordered reinstatement with full backpay and benefits, without specifying the amounts.

Thereafter, plaintiffs filed two motions with the District Court, one to enforce the judgment as to reinstatement and the other to determine the amount owed them for backpay and benefits. Defendants filed suggestions in opposition. At some point, McElroy and Thomas settled their claims with defendants. The District Court ruled on the motion concerning Barnes's backpay, holding that she was entitled to a sum based on a rate of $1,958.75 per month from July 27, 1983 to June 30, 1984, and on a rate of $2,091.87 per month from July 1, 1984 forward. The court also found Barnes was entitled to medical insurance payments from July 27, 1983 forward at a rate of $65.40 per month. After deducting taxes that would have been withheld from Barnes's pay, interest would be added. The court also concluded that an evidentiary hearing was necessary concerning the issue whether the position defendants offered Barnes was comparable to her previous position, which was no longer available. Defendants filed a timely motion to amend or alter the judgment. The District Court denied this motion and set the evidentiary hearing for January 3, 1986. Defendants appealed the District Court's orders regarding backpay and denying the motion to amend or alter the judgment. After the January hearing on reinstatement, the District Court found that defendants had not reinstated Barnes to a substantially similar position. The court ordered defendants to reinstate her to similar duties and responsibilities and to report back to the court. Apparently, no final order concerning reinstatement has yet been issued.

The question before this Court is whether the District Court's orders concerning the backpay issue are now reviewable on appeal although they disposed of only one of two pending issues. The Supreme Court has stated that a final decision under 28 U.S.C. § 1291 " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945)). *See In re Berkley & Co.*, 629 F.2d 548, 550–51 (8th Cir.1980); *Laclede Gas Co. v. Amoco Oil Co.*, 531 F.2d 942, 943 (8th Cir.1976). In discussing the finality of a district court order, the Supreme Court elsewhere stated that

a decision "final" within the meaning of § 1291 does not necessarily mean the last order possible to be made in a case.... And our cases long have recognized that whether a ruling is "final" within the meaning of § 1291 is frequently so close a question that decision of that issue either way can be supported with equally forceful arguments, and that it is impossible to devise a formula to resolve all marginal cases coming within what might well be called the "twilight zone" of finality. Because of this difficulty this Court has held that the requirement of finality is to be given a "practical rather than a technical construction." ... [T]he most important competing considerations are "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."

*Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–53, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964) (citations omitted).

This case presents a close question. Liability has been established and remedy has been ordered. Barnes's post-remand motions relate to fleshing out and enforcement of the remedy portion of the judgment. The issue no longer is "what is the appropriate remedy," but rather "what must defendants specifically do" to comply with the judgment compelling backpay and reinstatement. Determinations concerning the actual amount of backpay and whether the offer of a particular position would satisfy the obligation of reinstatement were not made in the original litigation. The backpay and reinstatement issues are in a sense separate because each involves different considerations such that the disposition of one does not affect the disposition of the other. However, both issues stem from the same judgment for the same plaintiff against the same defendants. We believe that a considerable savings in judicial resources can be achieved by waiting to consider all the issues in one appeal. As the Supreme Court has commented, the finality rule " 'reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals' " and hence is " 'crucial to the efficient administration of justice.' " *Flanagan v. United States,* 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984).

We hold that the District Court's ruling on the backpay issue does not constitute a final order under 28 U.S.C. § 1291 in that it does not end the litigation. *Coopers & Lybrand,* 437 U.S. at 467, 98 S.Ct. at 2457. The reinstatement issue pertaining to Barnes remains to be decided in the District Court. In addition, the waste of resources engendered by considering the backpay issue now and the related, if distinct, reinstatement issue later militates against our finding the District Court's backpay orders final for purposes of appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.