TWIN CITY PIPE TRADES SERVICE ASSOCIATION, Appellee,

v.

FRED PLAAS PLUMBING & HEATING CO., INC., Appellant.

No. 86–5278.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1987.

Decided April 2, 1987.

Service Association's (Association) petition to conduct an audit of the employer's records. For reversal, the employer argues (1) the district court does not have subject matter jurisdiction, (2) the Association's claim is barred by its failure to exhaust remedies available under the collective bargaining agreement, and (3) the order granting the audit violated the law of the case. The Association argues that this court lacks appellate jurisdiction because an order granting an audit of an employer's records is not a final appealable order. Because we agree with the Association that the order granting the audit is not a final appealable order, we dismiss the appeal without prejudice for lack of jurisdiction.

The Association, a nonprofit corporation managed jointly by representatives of employers and employees in the plumbing and pipefitting industry, receives employer contributions and administers employee benefits' funds for employees covered under a multi-employee benefit agreement. The various benefit funds and the Association are established under and regulated by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*

The employer, a plumbing company located in Minnesota, is a signatory to a collective bargaining agreement with the Plumbers and Pipefitters Local Union No. 34 (Local 34). Under the terms of the agreement, the employer was required to make ERISA contributions to the Association for all individuals and other entities it employs or engages to do "plumbing work," whether or not the particular employee is a Local 34 member.

In March 1984, the Association received information that the employer had not completely reported all hours worked by its employees nor remitted contributions to the Association for these employees. The Association made repeated demands to view the employer's records to determine whether it had complied with ERISA. The employer refused.

Martin L. Garden, Minneapolis, Minn., for appellant.

Marshall H. Tanick, Minneapolis, Minn., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and WRIGHT,[*] Chief District Judge.

McMILLIAN, Circuit Judge.

Fred Plaas Plumbing & Heating Co. (employer) appeals from an order entered in the District Court[1] for the District of Minnesota granting the Twin City Pipe Trade

---

[*] The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri, sitting by designation.

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

In April 1984, the collective bargaining agreement expired. Picketing of the employer began in April 1984, and, according to the employer, continued intermittently until January 1986. The employer became a nonunion employer in May 1984. The Association seeks to audit the employer's records for the year prior to the termination of the collective bargaining agreement on April 30, 1984.

In June 1984, the Association brought an action in federal district court pursuant to § 502 of ERISA, 29 U.S.C. §§ 1132, 1451,[2] seeking an ERISA audit of the employer's payroll books and records. The Association also sought an order requiring the employer to file correct monthly reports and to pay any additional contributions due. In April 1985, the Association moved for an order permitting it to audit the employer's records. On June 13, 1985, the district court denied the request for an audit but ordered the employer to submit its records to a magistrate for *in camera* inspection. The district court further indicated that it would issue appropriate orders after the *in camera* review by the magistrate. Five days later, on June 19, 1985, the United States Supreme Court decided *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985) (*Central States*). Based on *Central States*,[3] the Association sought an order requiring the employer to produce its payroll books and records for audit. The employer filed a counter motion to dismiss the action for lack of jurisdiction.

The case was subsequently reassigned to a different judge on June 6, 1986, almost one year after the original order for the *in camera* review. The district court dismissed the employer's motion to dismiss and held that the Association was entitled to conduct an audit under the Supreme Court's decision in *Central States*. This appeal followed.

■ Initially we consider whether the June 6, 1986, order granting the audit is an appealable order. Title 28 U.S.C. § 1291 confers on federal courts of appeals jurisdiction over appeals of all final decisions of the district court. The final order requirement is intended to prevent the inconvenience and costs of piecemeal review and the obstruction of ongoing judicial proceedings. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 162, 94 S.Ct. 2140, 2145, 40 L.Ed.2d 732 (1974).

■ A judgment or order is final for purposes of appeal when it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Barnes v. Bosley*, 790 F.2d 718, 719 (8th Cir.1986), *citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). Thus, a party may not appeal a decision which is only an intermediate decision of the district court.

We have found no cases which have considered whether an order granting an audit is a final appealable order. The Association analogizes this order granting an audit to one granting discovery or an accounting, which have been held not to be final appealable orders. *In re County Management, Inc.*, 788 F.2d 311, 314 (5th Cir.1986); *In re Goldblatt Bros.*, 758 F.2d 1248, 1250 (7th Cir.1985) ("case law interpreting finality under 28 U.S.C. § 1291 establishes the general rule that an order ... for an accounting is interlocutory"); *Johnny Pflocks, Inc. v. Firestone Tire & Rubber Co.*, 634 F.2d

---

**2.** 28 U.S.C. § 1132 provides in relevant part: A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....
28 U.S.C. § 1451 provides in relevant part: A plan fiduciary ... who is adversely affected by the act or omission of any party ... with respect to a multiemployer plan ... may bring an action for appropriate legal or equitable relief, or both.

**3.** *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), held that plan trustees have the right to examine the payroll records of an employer of a multi-employer benefit plan.

1215, 1216 (9th Cir.1980) (discovery orders are not appealable); *Kropp v. Ziebarth,* 557 F.2d 142, 143 n. 1 (8th Cir.1977).

■ The reasoning underlying these decisions holding that accounting and discovery orders are not final orders is equally applicable to the order in this case. The Association in its complaint sought an audit of the employer's payroll books and records, an order directing the employer to file corrected monthly reports and to remit any additional contributions which are due the Association, and a permanent injunction against the employer. The order granting the audit is a preliminary step in this litigation, which falls short of finally resolving the dispute between the employer and the Association. Depending on the results of the audit, the district court may be required to rule on the Association's other requests for relief. At that point, one or both parties may seek an appeal of the district court's final order disposing of the complaint.

To permit an appeal of the order granting the audit at this time would be contrary to the finality requirement of 28 U.S.C. § 1291. We decline to review at this time such an order when the appellant is not precluded from a later review of the order and the delay in appellate review will not result in irreparable harm to the appellant. Accordingly, this appeal is dismissed without prejudice for lack of jurisdiction.