Shirley **BARNES,** Appellee,

Frances J. **McElroy** and Murrell **Thomas,**

v.

Freeman (Teek) **BOSLEY** and Paula Carter, Appellants.

Shirley **BARNES,** Appellant,

Frances J. **McElroy** and Murrell **Thomas,**

v.

Freeman (Teek) **BOSLEY** and Paula Carter, Appellees.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1987.

Decided Sept. 8, 1987.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

Thomas E. Bauer, St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

This appeal and cross-appeal involve the remedial aspects (reinstatement and backpay) of litigation previously before us. An understanding of the issues now before us requires a review of the history of this case. In *Barnes v. Bosley*, 568 F.Supp. 1406 (E.D.Mo.1983), the District Court held that plaintiff Shirley Barnes's discharge on January 3, 1983 from her position as a Unit Manager I in the St. Louis City Circuit Court Clerk's office was politically motivated, that political affiliation was not an appropriate requirement for her position, and that her discharge therefore violated her First Amendment rights. *Id.* at 1413. The District Court granted Barnes declaratory and injunctive relief and ordered her reinstated with full backpay and benefits (without specifying the amounts thereof) from January 3, 1983. Order of July 27, 1983 at 1-2. On November 29, 1983, the District Court granted defendants' motion to stay the judgment pending appeal. This Court affirmed the District Court's judgment as to Barnes (but reversed as to another plaintiff) in *Barnes v. Bosley*, 745 F.2d 501 (8th Cir.1984), *cert. denied*, 471 U.S. 1017, 105 S.Ct. 2022, 85 L.Ed.2d 303 (1985).

On June 10, 1985, on remand, the District Court modified its prior judgment to comply with this Court's decision reversing that judgment as to another plaintiff. The prior judgment remained unchanged insofar as it applied to Barnes. Record of Pleadings (Record) at 38. Barnes was reinstated to a Unit Manager I position in the Circuit Clerk's office on July 1, 1985. The parties were unable to agree, however, on either the amount of backpay that Barnes was due or whether the position to which Barnes was reinstated complied with the court's order. On July 3, 1985, Barnes filed a motion for enforcement of the judgment and a motion to determine the amount of backpay. Record at 52-64. Defendants, now represented by the Attorney General's office, filed suggestions in opposition to Barnes's motions on July 19, 1985,

claiming, among other things, that the backpay award should be reduced by the amount of Barnes's interim earnings from her employment in the St. Louis City Circuit Attorney's office from October 11, 1983 to July 1, 1985, and that the State's Eleventh Amendment immunity precluded any award of backpay prior to the District Court's original order of July 27, 1983. Record at 65-74.

In its August 28, 1985 opinion, *Barnes v. Bosley*, 625 F.Supp. 81 (E.D.Mo.1985), the District Court did not rule on the reinstatement issue, stating that an evidentiary hearing was necessary before the court could determine whether defendants had complied with its prior order of reinstatement. *Id.* at 84, 87. As to the backpay issue, the court refused to consider the merits of defendants' claim that Barnes's interim earnings should be deducted from the backpay award. The court construed defendants' July 19, 1985 pleading as a motion under Fed.R.Civ.P. 60(b)(1) alleging judicial inadvertence and held that, because it was not filed within the thirty-day period for filing notice of appeal from the court's June 10, 1985 order, it was untimely. *Barnes v. Bosley*, 625 F.Supp. at 84. The court, however, did consider defendants' Eleventh Amendment immunity argument under Fed.R.Civ.P. 60(b)(4) (providing for relief from a void judgment). *Id.* at 84 (citing *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 466-67, 65 S.Ct. 347, 352, 89 L.Ed. 389 (1945) (holding that the defense of Eleventh Amendment immunity is jurisdictional in nature and thus may be raised for the first time on appeal)). The court agreed with defendants that the Eleventh Amendment precluded an award of backpay prior to the court's original order dated July 27, 1983. *Barnes v. Bosley*, 625 F.Supp. at 85.[1] The court further held that the Eleventh Amendment precluded an award of backpay for the period of time during which the court's stay order was in effect. *Id.* at 85-86. The court

---

1. The court made a preliminary holding that the Eleventh Amendment applied to this case because the judgment was entered against State officials in their official capacities and any

amount payable to Barnes after July 27, 1983 would come from State funds. 625 F.Supp. at 85.

reasoned that during such time defendants were not under a judicially imposed duty to reinstate Barnes, and, thus, a subsequent award of backpay for that period would be retrospective relief prohibited by the Eleventh Amendment. *Id.* at 85. The court, however, went on to hold that defendants' counsel (who then was a private attorney retained to represent defendants pursuant to a state statute so authorizing) had waived the State's Eleventh Amendment immunity in seeking a stay of the court's July 27, 1983 judgment.[2] *Id.* at 86 (citing *Toll v. Moreno*, 458 U.S. 1, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1982)). The court concluded that Barnes therefore was entitled to compensation for wages, without deduction for interim earnings, from July 27, 1983 (the date of the court's original order) through July 1, 1985 (the date on which Barnes was reinstated), less deductions of appropriate federal and state income taxes, plus medical insurance payments and interest. *Barnes v. Bosley*, 625 F.Supp. at 86–87.[3]

The District Court thereafter held an evidentiary hearing on the reinstatement issue. At the time of her discharge, Barnes was a Unit Manager I and supervised approximately 50 employees in the civil case processing department. Barnes was reinstated on July 1, 1985 to a position with the same title and salary level. Her new duties entailed the supervision of part-time employees in the microfilm department, one of several departments under her supervision prior to her discharge. In a March 17, 1986 order, the District Court found that because of a reorganization in the Circuit Clerk's office Barnes's former position was no longer available, and that defendants therefore had to reinstate Barnes to a substantially similar position in terms of duties and responsibilities, as well

as title and salary. Based on the evidence presented at the hearing, the court concluded that Barnes's new position was not substantially similar to her former position in terms of duties and responsibility (even though she had the same title and salary level). The court granted defendants until March 31, 1986 to reinstate Barnes to a substantially similar position in compliance with its order. Order of March 17, 1986.

Defendants thereafter proposed to divide supervisory responsibility over the reorganized civil case processing department between Barnes and the current supervisor, Kathy Grillo. In its July 14, 1986 order, the District Court noted that computer automation of part of the civil case processing department in order to streamline office procedures and functions and increase efficiency had been a major objective of defendant Bosley's reorganization plan. Order of July 14, 1986, at 2. Ms. Grillo had been instrumental in the design and implementation of the computer system and, consequently, was assigned to supervise those areas of the civil case processing department in which computerization was vital. In view of this reorganization, the court concluded that although Barnes would supervise fewer employees (approximately 20) and functions within the department than she had previously, her new position (as proposed by defendants) was comparable in terms of duties and responsibilities and therefore complied with the court's order of reinstatement. *Id.* at 3.

In 86–1957, defendants appeal from the District Court's August 28, 1985 order awarding Barnes backpay from July 27, 1983 until her reinstatement on July 1, 1985 without a reduction of interim earnings from other employment. In 86–2038, Barnes appeals from the District Court's

**2.** Defendants' counsel, in reply to plaintiffs' memorandum in opposition to defendants' motion to stay the judgment pending appeal, stated that plaintiffs had exaggerated the harm that would result to them if a stay were entered and that plaintiffs' injury could be calculated and compensated through money damages if plaintiffs were successful on appeal. 625 F.Supp. at 86.

**3.** Defendants sought to appeal the District Court's August 28, 1985 order regarding the backpay award. This Court, however, dismissed that appeal for lack of jurisdiction. *Barnes v. Bosley*, 790 F.2d 718 (8th Cir.1986) (per curiam). We held that the District Court's ruling on the backpay issue did not constitute a "final order" under 28 U.S.C. § 1291 because the court had not yet ruled on the reinstatement issue. *Id.* at 720.

March 17, 1986 order holding that plaintiff's old position was no longer available and, therefore, that defendants need only restore plaintiff to a position substantially similar to her former position, and from the court's July 14, 1986 order holding that the position which Barnes currently holds is comparable to her former position and complies with the court's order of reinstatement.

## 86–1957

■ Defendants challenge the District Court's order of backpay on two grounds.[4] First, they argue that the Eleventh Amendment precludes an award of backpay during the period from November 29, 1983 through June 10, 1985 when the District Court's original order of July 27, 1983 was stayed pending appeal. Defendants challenge the District Court's holding that defendants' private attorneys waived the State's Eleventh Amendment immunity. Second, defendants argue that under traditional remedial principles the backpay award must be reduced by the amount of interim wages earned by Barnes from other employment.

It is a well-known principle that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." *Edelman v. Jordan,* 415 U.S. 651, 677, 94 S.Ct. 1347, 1362, 39 L.Ed.2d 662 (1974). Thus, the Supreme Court has established a bright line Eleventh Amendment test between permissible prospective and impermissible retroactive relief, with the effective date of the District Court's order requiring future compliance being the operative date. The resolu-

tion of the issue here turns on the effective date of the District Court's order granting Barnes prospective relief (*i.e.,* reinstatement and payment of salary). Defendants maintain that during the time the stay was in effect they were not under a judicially imposed duty to comply with the District Court's July 27, 1983 order (*i.e.,* to reinstate Barnes), and that such a duty did not arise until the District Court entered its June 10, 1985 order. Thus, defendants assert, any award of backpay for the period prior to June 10, 1985 is retroactive relief barred by the Eleventh Amendment.

■ We reject defendants' argument that the Eleventh Amendment precludes an award of backpay for the period during which the stay was in effect. We disagree primarily with defendants' view regarding the purpose and effect of the stay and its effect on defendants' Eleventh Amendment immunity. In our view, the stay merely prevented immediate execution on and enforcement of the judgment. *Cf. National Treasury Employees Union v. Federal Labor Relations Authority,* 712 F.2d 669, 670 (D.C.Cir.1983). The District Court's July 27, 1983 order holding that defendants had violated Barnes's First Amendment rights was affirmed by this Court. *Barnes v. Bosley,* 745 F.2d 501 (8th Cir.1984). The District Court's June 10, 1985 order (which followed remand from this Court) in no way modified that court's prior judgment as to Barnes. Thus, insofar as the Eleventh Amendment is concerned, July 27, 1983, the date of the District Court's original order finding a constitutional violation and granting Barnes her remedies, is the operative date after which prospective relief (*i.e.,* liability for the payment of Barnes's salary) is permissible.[5] We hold

---

**4.** Barnes contends that defendants' appeal in 86–1957 is moot because the State issued three checks (representing after-tax wages, monthly medical insurance payments, and interest for the period from July 27, 1983 through July 1, 1985, and attorney's fees) on August 30, 1985 (two days after the District Court's order specifying a formula to calculate the amount of backpay owed) in full satisfaction of the judgment. We disagree. The payment by the State did not moot the issue of the propriety of the backpay

award. The purpose of the payment was to stop the accrual of interest, and the State obviously did not intend to abandon its right to appeal. *See United States v. 3,317.39 Acres of Land,* 481 F.2d 417, 420 (8th Cir.1973); *see generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3533.2 (1984).

**5.** We believe that in the circumstances of this case the term "backpay" is somewhat of a misnomer. The District Court ordered defendants to reinstate Barnes on July 27, 1983. Barnes

that the Eleventh Amendment does not bar an award of pay to Barnes for the period during which the stay pending appeal was in effect.[6]

Defendants argue that they are entitled to a setoff against the backpay award of the amount of interim wages earned by Barnes from other employment during the period from the District Court's original order of July 27, 1983 until her reinstatement on July 1, 1985. The record indicates that Barnes was employed (apparently full-time) in the St. Louis City Circuit Attorney's office from October 11, 1983 until July 1, 1985. During that period her gross earnings were $24,479. Record at 94.

Defendants first raised the issue of a setoff in their July 19, 1985 response to Barnes's July 3 motion to determine the amount of backpay. The District Court construed defendants' response as a motion under Fed.R.Civ.P. 60(b)(1) for relief from a judgment because of judicial inadvertence and noted that defendants had failed to raise the setoff issue at trial[7] or on appeal. The court refused to consider the merits of defendants' claim, stating that defendants' response was not timely because it was not filed within 30 days of the court's June 10, 1985 order. 625 F.Supp. at 84 (citing Fed.R.App.P. 4(a) and Eighth Circuit cases applying the Rule 4(a) 30–day filing requirement for notice of appeal to motions under Fed.R.Civ.P. 60(b)(1)).

■ We believe the District Court misconstrued the nature and purpose of defendants' claim regarding a setoff and consequently erred in refusing to consider the issue. Prior to Barnes's July 3, 1985 motion, the issue of the exact amount of backpay for which the State was liable simply had never been presented to the court. In both its original order of July 27, 1983 and its subsequent order of June 10, 1985, the District Court had awarded Barnes "full backpay and benefits" without specifying the exact amount thereof. The backpay award was not an issue on the first appeal in this litigation. In *Barnes v. Bosley,* 745 F.2d 501, this Court reviewed only the underlying liability of defendants for violating Barnes's First Amendment rights. Indeed, in the second appeal we noted that

Barnes's post-remand motions relate to fleshing out and enforcement of the remedy portion of the judgment. The issue no longer is "what is the appropriate remedy," but rather "what must defendants specifically do" to comply with the judgment compelling backpay and reinstatement. Determinations concerning the actual amount of backpay ... were not made in the original litigation.

*Barnes v. Bosley,* 790 F.2d 718, 720 (8th Cir.1986) (per curiam) (appeal dismissed for lack of jurisdiction; no "final order"). Thus, until Barnes's motion on July 3, 1985, the backpay issue was not "ripe." We believe that defendants' responsive pleading raising the setoff issue therefore was timely and that the District Court should have considered the issue on its merits.

■ Given the well-settled law regarding the setoff of interim earnings from backpay awards and the undisputed facts here, it is clear that Barnes's backpay award must be reduced to reflect her earnings at the Circuit Attorney's office from October 11, 1983 until July 1, 1985. *See* Restatement (Second) of Contracts § 347, comment d (1981). *See also Stone v. United States,* 683 F.2d 449, 453 (D.C.Cir.1982); *Power v.*

---

thus was entitled to receive her salary from that date forward. Therefore, any amount owed to Barnes at a later date for the period after July 27, 1983 is not retroactive backpay, but is "the necessary result of compliance with [a] decree[ ] which by [its] terms [was] prospective in nature." *Edelman v. Jordan,* 415 U.S. at 668, 94 S.Ct. at 1358.

6. Because of this holding, we need not decide whether the state waived its Eleventh Amendment immunity.

7. Defendants can hardly be faulted for failing to raise the setoff issue at trial. Plaintiffs' complaint was filed on January 10, 1983, one week after their discharges. Before defendants' various pre-answer motions had been ruled on, the court, with the consent of the parties, converted a hearing on plaintiffs' request for a preliminary injunction into a hearing on the merits of plaintiffs' claims. The presentation of evidence was concluded in February 1983, and the court issued its original order on July 27, 1983, well before Barnes had obtained other employment on October 11, 1983.

*United States,* 597 F.2d 258, 265, 220 Ct.Cl. 157 (1979), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 731, 62 L.Ed.2d 730 (1980); *Wyatt v. Bronner,* 500 F.Supp. 817, 823 (M.D.Ala. 1980); *Wolf v. Missouri State Training School for Boys,* 517 S.W.2d 138, 143 (Mo. 1974). The amount of this reduction must be computed in a manner consistent with the manner in which the amount of Barnes's backpay award has been computed, and this should be done by the District Court. We note in particular that Barnes's backpay award reflects the deduction from her wages of federal and state income taxes. The amount of the setoff for interim earnings must be determined on a commensurate basis; it will not do simply to reduce her backpay award by the full amount of her gross wages at the Circuit Attorney's office.

We therefore remand the case to the District Court with instructions to determine the exact amount by which Barnes's backpay award must be reduced to reflect her interim earnings at the Circuit Attorney's office and to modify its previous order and judgment by reducing the backpay award by that amount. Because this reduction in the backpay award will affect the amount of interest thereon, we also instruct the District Court to recalculate the total amount for which defendants are liable. The District Court is instructed thereafter to enter an order requiring Barnes to make restitution to the State of Missouri in the amount of the overpayment (the difference between the amount previously paid by the State and the amount for which it actually is liable, after the setoff), under such terms as the court deems just.

### 86–2038

Barnes appeals from the District Court's orders of March 17, 1986 and July 14, 1986 regarding her reinstatement. In its orders, the District Court found that Barnes's former position no longer existed because of a reorganization in the Circuit Clerk's office, and that the position to which she ultimately was reinstated was comparable to her former position and thus complied with the court's order. Barnes argues that (1) the District Court's finding that her former position did not exist after the reorganization is clearly erroneous; (2) reinstatement to a comparable position deviates from and is not in strict compliance with this Court's mandate to reinstate her to her former position; and (3) the District Court erred in failing to rule on her contempt motion.

■ We have reviewed Barnes's first claim with particular care. Although our review of the record might well lead us to reach a different conclusion were we the trier of fact, which we are not, we cannot say that the District Court's finding that Barnes's former position no longer existed after the reorganization is clearly erroneous.

■ We reject summarily Barnes's second claim that her reinstatement to a comparable position, rather than to her former position, deviates from this Court's mandate in *Barnes v. Bosley,* 745 F.2d 501, to reinstate her to her former position. The District Court correctly noted that it is the law in this Circuit that an employer may comply with an order to reinstate a wrongfully discharged employee whose former position is no longer available by reinstating the employee in a comparable or substantially similar position. *Barnes v. Bosley,* 625 F.Supp. at 84 (citing *Brockell v. Norton,* 732 F.2d 664, 669 (8th Cir.1984)). Our mandate must be read in that legal context. We are satisfied that the District Court has handled the reinstatement issue properly and that our mandate was followed.

■ We also reject Barnes's final contention that the District Court erred in failing to rule on her motion seeking contempt sanctions against defendants. "When reviewing the grant or denial of civil or criminal contempt motions, we are limited to determining whether the ruling of the district court amounts to an abuse of discretion." *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 226 (10th Cir.1979). The District Court's July 14, 1986 finding that defend-

ants had complied with the order of reinstatement mooted any issue as to civil contempt since remedial action to secure compliance was no longer necessary. In addition, the District Court's July 14, 1986 order effectively amounts to a denial of Barnes's criminal contempt motion. The record fails to disclose that defendants ever took the position that they would not obey the court's order, or that their efforts to comply were not in good faith. Instead, the court found their initial efforts at compliance wanting, and their later efforts at compliance sufficient. In these circumstances, we cannot say that the court's implicit denial of Barnes's criminal contempt motion amounted to an abuse of discretion.

In summary, we hold that (1) the Eleventh Amendment does not bar the award of backpay during the period when the District Court's order of July 27, 1983 was stayed pending appeal; (2) Barnes's backpay award must be reduced by the amount of her interim earnings from other employment, with such amount to be computed in a manner consistent with the manner in which her backpay award has been computed; (3) the District Court did not err in its rulings concerning the reinstatement issue; and (4) the District Court did not err with respect to Barnes's motion seeking contempt sanctions against defendants. Each side shall bear its own costs with respect to this appeal.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.