Meredith A. McKINNEY, Plaintiff,

v.

INDIANA MICHIGAN POWER COMPANY, Defendant.

Appeal of Christopher C. MYERS.

No. 95–4032.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 17, 1996. *

Decided May 14, 1997.

---

* The court set this case for oral argument on September 17, 1996, but prior to that date, we received a joint motion to waive the scheduled argument. We granted that motion and ordered the case submitted on the briefs.

Christopher C. Myers (submitted on briefs), Myers & Geisleman, Fort Wayne, IN, for Plaintiff.

Christopher C. Myers, Dennis H. Geisleman, Myers & Geisleman, Fort Wayne, IN, for Appellant.

Craig J. Bobay, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, IN, pro se, Amicus Curiae.

Arthur G. Surguine, Jr., Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, IN, pro se, Amicus Curiae.

Before EASTERBROOK, RIPPLE, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Attorney Christopher C. Myers contends that the district court lacked the authority to assess jury costs against him once his client was unable to pay those costs within the time frame established by the lower court. Yet as we will explain, Myers waived this challenge to the court's authority by failing to raise any objection to the assessment of jury costs against him below. As a result of that waiver, we must reserve for another day the interesting questions Myers presents.

## I.

Myers represented plaintiff Meredith A. McKinney in a race discrimination suit brought against her former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* On the morning that a jury trial of one of McKinney's claims was scheduled to begin, the parties agreed to a settlement. Yet because a jury venire had already been summoned, the district court indicated that it would accept the settlement and dismiss the case only if the parties agreed to cover the cost of assembling the venire. McKinney and defendant Indiana Michigan Power Company then agreed to evenly divide that cost, and the court subsequently assessed jury costs against each party in the amount of $545.20. The district court's November 15, 1995 order required

the parties to pay that amount to the clerk within ten days. When the district court subsequently learned that McKinney had been unable to meet the ten-day deadline, the court scheduled a hearing to discuss the matter. Its December 1, 1995 order stated:

On November 15, 1995, an Amended Notice taxing jury costs was issued in this case. The Court is now advised that neither the Plaintiff nor Plaintiff's counsel have paid the jury costs assessed, and the Court sets this matter for hearing accordingly for December 8, 1995, at 10:00 a.m. with the Plaintiff and Plaintiff's counsel to be present personally in open court at that time.

(R. 51.) Myers subsequently asked that the hearing be continued because he would be out of state at a conference on December 8 and thus unable to attend. The district court granted that request and rescheduled the hearing for December 15. The court's December 7, 1995 order rescheduling the hearing indicated that if the costs were paid by December 15, the hearing would be canceled.

Neither plaintiff nor her counsel appeared at the December 15 hearing. Instead, Myers sent an associate to the hearing who was not of record in the case. The associate explained that Myers was not present because he was then appearing in state court as counsel in a domestic dispute. The district court noted on the record that Myers had been ordered to appear personally and expressed its displeasure that Myers had not complied with the court's order after previously requesting a continuance.[1] Myers' associate then explained to the court that McKinney did not presently have the resources to pay the jury costs in a lump sum, and he requested permission for McKinney to pay the costs over time. The district court indicated that installment payments were unacceptable because the clerk's office was "not a collection agency." (Dec. 15, 1995 Tr. at 5.) The court instead ordered plaintiff's counsel of record to pay the assessed costs, explaining that counsel could then "make whatever arrangements [he wanted]

---

1. The court apparently considered but decided against sanctioning Myers for his failure to appear when personally ordered to do so. (*See* R. 56 at 3 n. 4.)

with Ms. McKinney." (*Id.* at 6.) The attorney Myers had sent to the hearing raised no objection when the court ordered Myers to pay the $545.20 previously assessed against his client McKinney. Myers, however, promptly appealed the district court's order.[2]

## II.

■ We first must consider whether Myers' appeal was mooted when he paid the assessed jury costs while the appeal was pending. Myers filed the instant appeal on December 20, 1995, and after doing so, he submitted two additional documents to the district court. The first was filed on December 28 and was termed an "Application to Deposit Disputed Monies into Court pursuant to [Fed.R.Civ.P.] 67," and the second—an "Application for Stay Pending Appeal or for Approval of Supersedeas Bond"—was filed the following day. (*See* R. 57 & 60.) Myers apparently submitted these applications because the district court had ordered him to pay the assessed jury costs no later than December 29, 1995. The court had not ruled on either application, however, when Myers submitted a check to the district court clerk in the amount of $546.20. A notation at the bottom left-hand corner of the check indicated that it represented a "payment/deposit of disputed sum pursuant to [Fed.R.Civ.P.] 67." In an order dated January 3, 1996, the district court noted that Myers had paid the assessed jury costs in a timely fashion and that the clerk had issued Myers a receipt to that effect. The order indicated that Myers' payment of the jury costs rendered all pending matters in the case moot. (R. 62.) The amici now argue that Myers' decision to pay the jury costs had the effect of mooting this appeal as well. We disagree.

■ A federal court "has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " *Church of*

*Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 449–50, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 132–33, 40 L.Ed. 293 (1895)). Because this mootness rule is jurisdictional, it applies to cases that once presented a live controversy before the trial court but that subsequently were mooted by some event occurring while the case was on appeal. *In re Smith,* 964 F.2d 636, 637 (7th Cir.1992). Yet the intervening event will be deemed to moot a pending appeal only if, in light of that event, "there is no possible relief which the court could order that would benefit the party seeking it." *In re Envirodyne Indus., Inc.,* 29 F.3d 301, 303 (7th Cir.1994); *see also Church of Scientology,* 506 U.S. at 12, 113 S.Ct. at 449–50. So long as the appellate court can fashion some form of meaningful relief to the prevailing party, an appeal is not moot, and the appellate court retains the jurisdiction to consider it. *In re UNR Indus., Inc.,* 20 F.3d 766, 768 (7th Cir.), *cert. denied,* 513 U.S. 999, 115 S.Ct. 509, 130 L.Ed.2d 416 (1994).

Myers' compliance with the district court's order to pay the assessed jury costs by December 29, 1995 did not serve to moot his appeal of that order. First, the check Myers submitted to the court's clerk noted that the check was in "payment/deposit of [a] disputed sum." This notation, along with Myers' attempt to obtain a stay pending his appeal, indicate to our satisfaction that Myers did not intend through his compliance with the court's order to abandon his pending appeal. *See Rhode Island Hosp. Trust Nat'l Bank v. Howard Communications Corp.,* 980 F.2d 823, 829 n. 9 (1st Cir.1992); *Barnes v. Bosley,* 828 F.2d 1253, 1257 n. 4 (8th Cir.1987). It is clear, moreover, that despite the payment of the challenged costs, this court could provide Myers meaningful relief if it were to agree with his position—*i.e.,* we could order the district court's clerk to return the amount Myers paid. *See In re Cascade Roads, Inc.,* 34 F.3d 756, 759–61 (9th Cir. 1994). His payment of those costs thus did

2. Defendant Indiana Michigan Power Company paid its portion of the assessed jury costs and, after the instant appeal was filed, submitted a motion for non-involvement, which we granted. So that we might have the benefit of an adversary presentation of the issues raised by the appeal, we appointed Craig J. Bobay and Arthur G. Surguine, Jr. as amici curiae for the purpose of responding to Myers' arguments. Messrs. Bobay and Surguine ably performed that task, and they have the court's thanks.

not moot his pending challenge to the district court's order. *See Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1253 n. 4 (3d Cir.1993); *Stanton Road Assoc. v. Lohrey Enter.*, 984 F.2d 1015, 1020 (9th Cir.1993) ("The fact that payments have been made in satisfaction of a money judgment does not foreclose an appeal."); *see also Kuba v. Ristow Trucking Co.*, 811 F.2d 1053, 1055 (7th Cir.1987) (acceptance of $250,000 check did not moot appeal seeking larger amount where there was no indication that accepted check represented a settlement); 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3533.2, at 248 (2d ed. 1984) ("Payment and acceptance of the judgment do not moot the appeal unless the parties intended to settle.").

### III.

■ On the merits, however, Myers' position is more precarious. He advances essentially two arguments: (1) that the district court did not have the inherent authority to assess jury costs against counsel in light of a local rule specifically addressed to the assessment of such costs; and (2) that the local rule itself did not authorize the assessment of jury costs against counsel once the parties had agreed on a proper assessment. The rule to which Myers refers is Local Rule 47.3 of the Northern District of Indiana, which provides as follows:

> Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of trial, then, except for good cause shown, juror costs, including marshall's fees, mileage, and per diem, shall be assessed as agreed by the parties. In the event that the parties do not agree, juror costs shall be equally assessed against the parties and/or their counsel, or otherwise assessed as directed by the court. There shall be no costs assessed if the clerk's office is notified at least one (1) full business day prior to the day on which the action is scheduled for trial.

This local rule clearly authorizes the assessment of jury costs against counsel as well as against the parties in the event of a late settlement, and Myers does not argue that the rule is invalid. *Cf. United States v. Claros*, 17 F.3d 1041, 1044–45 (7th Cir.1994) (finding Northern District of Illinois local rule providing for the assessment of jury costs against counsel or the parties to be valid). He asserts instead that the rule authorizes an assessment of costs against counsel only in the absence of an agreement between the parties. Because the parties here agreed to divide the jury costs equally, Myers contends that the court lacked the authority to later assess costs against counsel once McKinney was unable to pay in a timely manner.

Unfortunately, Myers never questioned the district court's authority to assess jury costs against counsel below. At no point during the December 15, 1995 hearing was any objection raised to the lower court's decision to shift the obligation to pay juror costs from McKinney to Myers. Rather, the attorney who Myers sent to the hearing accepted the district court's decision without objection. In addition, Myers never made a written objection articulating the arguments he now advances on appeal. For example, Myers made no written submission to the district court either before or after the December 15, 1995 hearing suggesting that the court lacked the authority either under its inherent powers or under the local rule to assess jury costs against counsel if his client was unable to pay. Instead, once the district court ordered counsel to pay the jury costs, Myers immediately appealed and raised those arguments for the first time here. There thus was clearly a waiver before the lower court. *See, e.g., Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir.1993); *Kendra Oil & Gas, Inc. v. Homco, Ltd.*, 879 F.2d 240, 242 (7th Cir.1989).

Furthermore, we are unwilling to overlook the waiver in light of Myers' conduct below. Myers was ordered to personally appear at the December 15, 1995 hearing, but he failed to do so. Although he now suggests that the district court's order did not require him to appear and that it was therefore appropriate for him to send another attorney from his office, that position is belied by the court's December 1 order, which directed "Plaintiff and Plaintiff's counsel to be present personally in open court" at the assigned time. (R. 51.) Myers was plaintiff's only counsel of record in the case, and therefore, the court's

reference to counsel "personally" appearing necessarily meant that Myers himself was to attend. That is how we read the district court's order, and how we think any reasonable attorney in Myers' position also would have read it. Indeed, Myers apparently had the same understanding of the order at the time, as he asked the district court to continue the hearing from its original date (December 8) because he would be out of state at a conference and thus unable to attend. (R. 52.) The district court accommodated counsel's request and delayed the hearing until December 15. If Myers believed, as he now maintains, that the December 1 order did not require him to appear personally, we would have expected him to send the associate on December 8 without seeking a continuance. We have no doubt that Myers had been ordered to personally appear at the December 15 hearing and that he understood he had been so ordered.[3] It was at that hearing that Myers should have raised the challenges to the district court's authority that he belatedly brings to us in this appeal. In light of Myers' failure to attend that hearing, we see no basis for excusing his waiver.

■ Myers' only remaining hope is to establish that the order assessing jury costs rises to the level of plain error. But we ordinarily "do not recognize plain errors in civil cases, unless they affect our subject matter jurisdiction." *Stringel v. Methodist Hosp. of Indiana, Inc.*, 89 F.3d 415, 421 (7th Cir.1996); *see also Knox v. State of Indiana*, 93 F.3d 1327, 1333 (7th Cir.1996); *Maul v. Constan*, 928 F.2d 784, 787 (7th Cir.1991). Myers' assertion of error clearly does not. He does not doubt (nor do we) that the district court had federal question jurisdiction over the underlying dispute between McKinney and Indiana Michigan Power Company. *See* 28 U.S.C. § 1331. Moreover, the local rule at issue, which Myers does not challenge, clearly authorizes the assessment of costs against counsel. Whether costs can be assessed against counsel pursuant to that rule once there has been an agreement between the parties to cover those costs is not an issue addressed to our subject matter jurisdiction. *See Kendra Oil & Gas*, 879 F.2d at 242. As a result, the plain error doctrine does not apply.

AFFIRMED.

---

3. The district court certainly believed it had ordered Myers to appear personally, because when an associate appeared in Myers' place, the court was less than pleased. Indeed, the court noted that it had ordered Myers to appear personally and instructed the associate to convey the court's displeasure to Myers. (*See* Dec. 15, 1995 Tr. at 2 & 7.)

Myers also complains that neither the December 1 order nor the later order ·continuing the December 8 hearing apprised him that the court was contemplating the assessment of costs against counsel, as opposed to his client. Myers now tells us that had he known what the court was considering, "he would have continued the [state court] matter to personally appear." (Myers' Reply Br. at 2.) We have little sympathy for this argument for two reasons. First, as we explained above, the December 1 order directed Myers to appear personally. Thus, his decision about whether or not to do so should not have depended upon what he knew of the court's intentions. Moreover, the December 1 order itself intimated that the district court might look to counsel to satisfy the cost obligation previously imposed upon McKinney, as the order noted that "neither the Plaintiff *nor Plaintiff's counsel* have paid the jury costs assessed." (R. 51 (emphasis added).)