124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tim RYAN, Jr., Plaintiff-Appellant,
v.
John J. LANIGAN, et al.[1] Defendants-Appellees.
 No. 96-1753.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 5, 1997.*
Decided Aug. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before CUMMINGS, Circuit Judge, BAUER, Circuit Judge and WOOD, Circuit Judge.
 
 ORDER
 
 1
 This appeal arises from an election dispute in DuPage County, Illinois concerning Tim Ryan's nomination as a candidate in the March 1996 primary election for Clerk of the DuPage County Circuit Court. In December 1995, Ryan filed a complaint in the district court alleging that the DuPage County Board of Election Commissioners (the "County Board") was improperly entertaining objections to his nomination papers.[2] (The objections were ultimately sustained, and Ryan was removed from the ballot on January 16, 1996.)[3] The district court dismissed Ryan's action for lack of subject matter jurisdiction and for failure to state a claim upon which it could grant relief. See Fed.R.Civ.P. 12(b)(1) & (6). The court also denied Ryan's subsequent Rule 59(e) motion asking the court to reconsider its judgment and his post-judgment "emergency" motion requesting leave to file an amended complaint. This appeal followed.
 
 
 2
 Ryan filed his complaint pro se, challenging the County Board's authority to rule on the objections to his nomination papers. Ryan sued the County Board members and the members of the Illinois State Board of Elections,[4] all in their official capacities. In the first three counts of Ryan's "Verified Complaint For Declaratory Judgment And Injunctive Relief" filed pursuant to 42 U.S.C. § 1983, Ryan complained that the membership and practices of the County Board violated the Illinois Constitution of 1970 In Count IV, he claimed that allowing the County Board to rule upon the objections to his nomination papers "would be a glaring violation, under color of state law, of the due process and equal protection provisions of the Illinois and United States Constitution," (R. at 1.) For relief, Ryan urged the district court to declare that the County Board was not lawfully organized (pursuant to the Illinois Constitution) and to enjoin the County Board "from passing on the legal sufficiency" of Ryan's nominating petition. Id.
 
 
 3
 The district court dismissed Ryan's complaint because the first three counts of Ryan's complaint raised purely state law issues (outside the district court's subject matter jurisdiction), and moreover, because "Count IV neither presents a federal question nor states a claim under § 1983; the mere legal conclusion that Plaintiffs have been deprived of due process and equal protection rights will not withstand a motion to dismiss." (R. at 17.)[5] On appeal, Ryan challenges this decision, arguing that the district court improperly failed to invoke its pendent jurisdiction pursuant to 28 U.S.C. § 1367 over the first three counts of his complaint based on his federal due process and equal protection claims raised in Count IV of his complaint.
 
 
 4
 Although we could easily affirm the dismissal of Ryan's complaint,[6] we, instead, dismiss Ryan's appeal outright. At this point in time, there is nothing this court can do to prevent the defendants from passing on the legal sufficiency of Ryan's nomination papers or from removing his name from the March 1996 primary ballot. Hence, Ryan's appeal of the denial of his request for injunctive relief is moot. See McKinney v. Indiana Michigan Power Co., 113 F.3d 770, 772 (7th Cir.1997) (noting that lack of jurisdiction for mootness occurs when 'there is no possible relief which the court could order that would benefit the party seeking it') (quoting In re Envirodyne Indus., Inc., 29 F.3d 301, 303 (7th Cir.1994)).
 
 
 5
 Ryan argues, however, that his request for injunctive relief is not moot because Count IV raises a ballot access issue that survives the passing of the March 1996 primary. He maintains that the consideration of a putative candidate's nomination papers by an unlawfully organized County Board violates voting rights and freedom of association rights protected by the First and Fourteenth Amendments. (Pl.'s Reply Br. at 2.) Framed this way, the passing of the 1996 election year may not moot Ryan's ballot access allegations. See Libertarian Party of Illinois v. Redhour, 108 F.3d 768, 772 (7th Cir.1997) (considering ballot access issue despite passing of election year under exception to mootness doctrine for issues "capable of repetition, yet evading review"); But see Buckley v. Archer-Daniels-Midland Co., 111 F.3d 524, 526 (7th Cir.1997) (noting that the exception to mootness did not apply where record did not demonstrate that same controversy was likely to reoccur between the parties). In any event, Ryan did not present his ballot access claim to the district court until he filed his post-judgment motion seeking to amend his complaint, and we find no abuse of discretion in the denial of that motion, see supra note 6. Under these circumstances, we consider this ballot-access issue waived. See McKinney, 113 F.3d at 773.
 
 
 6
 Accordingly, we dismiss Ryan's appeal as moot.
 
 
 
 [1]
 In addition to Lanigan, Ryan named as defendants the following members of the Illinois State Board of Elections ("State defendants"): David E. Murray, Lawrence E. Johnson, Langdon D. Neal, Judith A. Jones, Hannelore Husiman, Wanda L. Rednour, and Theresa M. Petrone. Ryan's complaint also named the following members of the DuPage County Electoral Board: William J. Toerpe, Jeanne McNamara, Mark H. Kauffman, and Daniel L. Nelson
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 The Illinois Election Code sets forth instructions detailing when candidates from a political party may be placed on the ballot in state, local, and congressional elections. See 10 Ill. Comp. Stat. 5/1-5% 6130. Based on these instructions, objections were filed to Ryan's nomination papers because they lacked the required number of signatures of registered voters. (R. at I, p 15.)
 
 
 [3]
 The ruling by the County Board sustaining the objections to Ryan's nomination was affirmed by the Circuit Court of DuPage County. Ryan then appealed to the Illinois Appellate Court. (R. at 20, pp 27, 29 & 30.) Even before the County Board ruled on the objections, however, Ryan filed this § 1983 action in the district court. (R. at 1.) Noting these circumstances, the district court noted that even if Ryan had sufficiently alleged a federal cause of action, the district court was compelled to abstain pursuant to Younger v. Harris, 401 U.S. 37 (1971). (R. at 18.)
 
 
 [4]
 Because Ryan's original complaint failed to allege an injury traceable to them, the State defendant's filed a motion to dismiss this appeal due to Ryan's lack of standing under Article III to sue them. (State Defendant's Motion to Dismiss Appeal, filed May 30, 1996). In response, Ryan argues that he cured the standing problem by alleging in his Amended Complaint that "[t]he STATE BOARD has failed to exercise their supervisory powers over the DUPAGE BOARD in the administration of the election laws of Illinois ... [and] has acquiesced to glaring violations of due process and separation of powers protections...." (Plaintiff's Response to Motion to Dismiss, filed June 5, 1996). Because we conclude that Ryan's appeal is moot, and thus that we lack jurisdiction over this appeal, we need not address the State defendant's standing argument
 
 
 [5]
 Although Timothy Crowley joined Ryan as a plaintiff in the lower court proceedings, only Ryan has proceeded on appeal
 
 
 [6]
 Even under liberal construction principles, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Ryan's characterization of Count IV as seeking relief based on the Fourteenth Amendment is misplaced. Whether framed as a due process, equal protection, or ballot access issue (as alleged in his motion to file an Amended Complaint), Ryan essentially argues that the organization of the County Board violates the Illinois Constitution. This does not allege a violation of the federal Constitution actionable under § 1983. See White v. Olig, 56 F.3d 817, 821 (7th Cir1995); Archie v. City of Racine, 847 F.2d 1211, 1216-17 (7th Cir.1988) (en banc), cert. denied, 489 U.S. 1065 (1989)