151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond WILLIAMS, Plaintiff-Appellant,
v.
Andrew CUOMO, Defendant-Appellee.
 No. 97-2638.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 14, 1998.*
Decided May 14, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 94 C 5826, James H. Alesia, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Raymond Williams, an African-American, brought suit against the United States Department of Housing and Urban Development ("HUD") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Williams asserted that he was terminated due to his race and in retaliation for the filing of charges with the Equal Employment Opportunity Commission ("EEOC"). The district court granted summary judgment for the defendant on both claims, concluding that Williams had failed to establish a prima facie case of race discrimination and had not demonstrated that HUD's reason for firing Williams, that he was performing below expectations, was pretextual. Williams appeals contending that the district court erred in granting summary judgment on his retaliation claim. Williams also raises a sexual harassment claim for the first time on appeal. We affirm.
 
 
 2
 Because Williams failed to file a response to HUD's Local Rule 12(M) statement or a statement of additional facts pursuant to Local Rule 12(N)(3)(b), the facts as submitted by HUD in their Rule 12(M) statement are deemed admitted. See N.D.Ill.R. 12(M) and 12(N)(3)(B); see also Midwest Imports, Ltd. v. Coval, 71 F.3d 1311, 1316 (7th Cir.1995). Williams was hired by HUD in 1989 as an economist subject to a one-year probationary period. Much of Williams's job required effective written communication. In February 1990, Williams's supervisor, Joseph McDonnell, reviewed Williams and indicated that he was not performing to expectations. Specifically, McDonnell noted that Williams was having significant writing problems. McDonnell rated Williams's performance unacceptable and placed him on a performance improvement plan, part of which consisted of attending a writing class.
 
 
 3
 Despite the opportunity to improve, Williams's performance declined. Accordingly, on April 5, 1990, McDonnell recommended in a probationary report that Williams be terminated. A formal notice was issued on May 1, 1990, stating that Williams's termination was effective May 11, 1990. In the interim, on April 20, 1990, Williams had contacted the EEOC to bring an informal complaint of discrimination. He filed a formal complaint with the EEOC on May 24, 1990. Williams filed his Title VII lawsuit against HUD in September 1994.
 
 
 4
 We first note that Williams does not challenge the grant of summary judgment in favor of HUD on his race discrimination claim; consequently, we consider the claim waived. McKinney v. Indiana Michigan Power Co., 113 F.3d 770, 773 (7th Cir.1997). Williams first argues that the district court erred in granting summary judgment in favor of HUD on the retaliation claim. "Generally, a Title VII plaintiff may bring only those claims that were included in [his] EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.' " McKenzie v. Illinois Dep't of Transp., 92 F.3d 473, 481 (7th Cir .1996) (internal citations omitted). This circuit has held that retaliatory acts not included in the EEOC charge may be considered by this court only if the alleged retaliatory acts occurred after the charge was filed. See id. at 482-83. Although Williams's termination was effective on May 11, 1990, he failed to include a retaliation claim or to allege any retaliatory acts in his May 24, 1990 EEOC charge. Williams has not alleged that any retaliatory acts occurred after his EEOC charge was filed; thus, we need not consider the claim.
 
 
 5
 Even if we were to address the retaliation claim, however, we agree that it lacks merit. Williams has failed to show a causal link between his complaint to the EEOC and his termination. See id. at 483. While it is true that Williams contacted the EEOC on April 20, 1990, to file an informal charge of discrimination, Williams's supervisor, McDonnell, indicated his intent to fire Williams for poor performance on April 5, 1990. Consequently, the issuance of the formal notice of termination on May 1, 1990, after Williams had originally complained to the EEOC, does not establish the causal link necessary to create a prima facie case of retaliation.
 
 
 6
 Finally, Williams raises a sexual harassment claim for the first time on appeal. Because Williams neither included this claim in his EEOC charge nor raised it in the district court, we will not address it. See Hightsue v. AIG Life Ins. Co., 135 F.3d 1144, 1149 (7th Cir.1998).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f.)