In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2999

DAVID B. SHINER,

*Plaintiff-Appellee,*

*v.*

BERNARD TURNOY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cv-05867 — **Milton I. Shadur**, *Judge.*

ARGUED MARCH 1, 2017 — DECIDED MARCH 16, 2017

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* Bernard Turnoy, the appellant, is an insurance broker who had sold insurance policies to David Shiner's in-laws for decades. After Shiner (a successful lawyer in Chicago whose practice focuses on tax and estate planning) demanded that Turnoy split with him the commissions on new policies on the life of Shiner's mother-in-law, Turnoy sent him a check for $149,000, which was about half the commissions that Turnoy had thus far obtained. In-

sisting that $149,000 was too little, Shiner sued Turnoy in an Illinois state court for breach of contract. While that suit was pending, Shiner brought a second suit against Turnoy, this one a suit in federal district court, charging that Turnoy had committed tax fraud, in violation of 26 U.S.C. § 7434 by reporting to the IRS on Form 1099 his payment of the $149,000 to Shiner as income to Shiner when in fact, Shiner argued, he (Shiner) had refused to accept the check because had he done so he would have forfeited his claim to be owed *more* than $149,000 by Turnoy.

The district judge, convinced by this very weak argument and unaccountably hostile to Turnoy, ruled in favor of Shiner and ordered Turnoy to pay Shiner damages of $16,000 for the alleged fraud. That ruling was erroneous, because the state court had rejected Shiner's breach of contract claim the day before the district court's decision (though in fairness to the district judge, we point out that he would not yet have been aware of the state court's decision), thus establishing that Shiner was entitled to no more than the $149,000 that he'd already received from Turnoy.

It's true that Turnoy had placed a restrictive endorsement on the back of his check to Shiner, stating that by cashing the check Shiner accepted $149,000 as the full payment he was owed by Turnoy. U.S. Treasury regulations provide that a check received but not cashed (Shiner did not cash the check) counts as income for tax purposes only if "credited or set apart to a person without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made," Treas. Reg. § 1.6041-1(h), and Shiner argued in the district court that the restrictive endorsement constituted a "substantial limitation

or restriction." But Turnoy had filed the Form 1099 more than a month after sending the check to Shiner, and during that time Shiner had neither asked Turnoy for a new check—a check without a restrictive endorsement—nor otherwise communicated to Turnoy a rejection of the check. Shiner's inaction gave Turnoy a solid basis for believing that Shiner had accepted the check Turnoy had sent him despite the restrictive endorsement, so Turnoy's filing of the Form 1099 could not have been "willfully … fraudulent," as required by 26 U.S.C. § 7434.

But as there was the district court's decision to reckon with despite its manifest deficiencies, Turnoy appealed to us—and Shiner hasn't bothered to defend the district court's ruling. In fact he's told us he's not filing a brief, or anything else (a motion for example), because he believes the case to be moot. The case is not moot (if it were, we wouldn't have jurisdiction to hear the appeal). Shiner's groundless litigation against Turnoy, culminating in the district judge's angry unsound judgment in Shiner's favor, has by branding Turnoy a tax fraud prevented him (he tells us without contradiction from Shiner) from obtaining errors and omissions insurance that he needs as an insurance broker. His continued interest in clearing his name of the judgment prevents the case from being moot even though he has discharged in bankruptcy his liability for the $16,000 of damages imposed on him by the district judge. "So long as the appellate court can fashion some form of meaningful relief to the prevailing party, an appeal is not moot, and the appellate court retains the jurisdiction to consider it." *McKinney v. Indiana Michigan Power Co.*, 113 F.3d 770, 772 (7th Cir. 1997).

The judgment of the district court is reversed and the case remanded with directions to grant summary judgment for Turnoy.